a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

EDMAN OLIVA RODRIGUEZ #A028-777-568, Petitioner — CIVIL DOCKET NO. 1:26-CV-03703 SEC P

VERSUS — JUDGE EDWARDS

WARDEN WINN CORRECTIONAL CENTER, Respondent — MAGISTRATE JUDGE PEREZ-MONTES

---

# MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Edman Oliva Rodriguez ("Rodriguez"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. Rodriguez challenges the legality of his continued detention.

Because additional information is necessary to evaluate Rodriguez's claim, he must AMEND the Petition.

## I. Background

Rodriguez provides no information regarding his nationality and citizenship. He states that he was ordered removed to an unspecified country on February 22, 1989. ECF No. 1 at 6. Rodriguez has been detained since August 30, 2026. He contends that his detention without a bond hearing is unlawful.

## II. Law and Analysis

Once an alien is ordered removed, the Government must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement. 8 U. S. C. § 1231(a)(1)(B).

However, the United States Supreme Court has held that § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. A petitioner is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable," only that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-702.

Rodriguez's detention has not exceeded the six-month presumptively reasonable period, and he does not allege any reasons why his removal is unlikely to occur in the reasonably foreseeable future. Accordingly, he must amend the Petition

to provide information regarding his nationality and citizenship; the country to which he was ordered removed; and any reasons why he believes his removal is not significantly likely to occur in the reasonably foreseeable future. Rodriguez should also provide any authority for his claim that he is entitled to a bond hearing. Finally, Rodriguez may provide copies of any other documents to support his Petition.

## III. Conclusion

Because additional information is needed to evaluate the Petition, IT IS ORDERED that Rodriguez AMEND the Petition as instructed within 30 days.

SIGNED on Monday, October 26, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE